UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                          |   |                  |
|------------------------------------------|---|------------------|
| EMMANUEL INNOCENT,                       | ) |                  |
|     Plaintiff,       | ) |                  |
|                                          | ) |                  |
| v.                                       | ) | CIVIL ACTION     |
|                                          | ) | NO. 17-40139-TSH |
| HARBORONE BANK, JAMES BLAKE,             | ) |                  |
| LEO DONAHUE, PATRICIA WILLIAMS, and      | ) |                  |
| CARRIE O'HALLORAN,                       | ) |                  |
|     Defendants.      | ) |                  |

MEMORANDUM OF DECISION AND ORDER
July 31, 2018

**HILLMAN, D.J.**

### Background

Emmanuel Innocent ("Innocent" or "Plaintiff") has filed a Complaint (Docket No. 1) against HarborOne Bank ("HarborOne"), James Blake, president and chief executive officer of HarborOne, Leo Donahue ("Donahue"), senior vice president of HarborOne, Patricia Williams, senior vice president (human resources) of HarborOne, and Carrie O'Halloran ("O'Halloran"), vice president of HarborOne alleging a claim for retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

This Memorandum of Decision and Order addresses Defendants' motion to dismiss (Docket No. 13). For the reasons set forth below, that motion is *granted*.

# **Facts**[1]

Innocent was hired as an assistant vice president/branch manager by HarborOne in June 2013. HarborOne requested that he start by June 27, 2013, so that he would be eligible for an employee bonus in February 2014. During his tenure, Innocent's branch became a top performer for HarborOne after previously performing near the bottom. At the beginning of 2014, Innocent presented his yearly business plan to his direct supervisor. His plan included a request for an increased cash limit for his branch, which he felt was warranted based on the increased customer base during his tenure. Sometime in 2014, Innocent reminded O'Halloran of the promised bonus. She got upset and referred Innocent to the Human Resources Department. Innocent was told there would be no bonus without any explanation other than that he was not entitled to it. Innocent continued to work six days a week for about four months. Donahue felt he needed to work more and requested he research and write a paper about money laundering as it relates to a client that was recently acquired through his business efforts. He was also asked to be an ambassador to the South Shore Chamber of Commerce. Innocent felt that he was being overworked and told O'Halloran that he may have a heart attack if issues such as the cash limit for his branch weren't solved. O'Halloran just laughed. O'Halloran would get irritated when he shared his and his teams' concern about opening accounts for minors without confirming the identification of the accompanying adult.

---

[1] The facts are stated in a light most favorable to the Plaintiff, as the non-moving party. For reasons set forth *infra*, I have not included any facts relating to Defendants' second argument, *i.e.*, that Plaintiff's claim must be dismissed because he signed a "Separation Agreement" releasing them from all claims.

Innocent alleges that the Defendants retaliated against him by: (1) creating a stressful work environment; (2) putting his and his families' lives in danger by secretly submitting damaging and unnecessary reports to government agencies; (3) pressuring him to sign a "mutual agreement"; and (4) denying him access to his personal belongings. He also alleges that due to Defendants' retaliatory conduct, he has been unable to find employment since November 2014.

**<u>Standard of Review</u>**[2]

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the

---

[2] Defendants assert that Innocent's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1)(lack of subject matter jurisdiction) and Fed.R.Civ.P. 12(b)(6)(failure to state a claim). While failure to exhaust administrative remedies will bar a plaintiff from bringing suit in federal court, exhaustion is not a jurisdictional requirement. Therefore, the appropriate grounds for dismissal is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Vera v McHugh*, 622 F.3d 17(1st Cir. 2010).

reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

## **Discussion**

<u>Whether the Action should be dismissed for Failure to Exhaust Administrative Remedies</u>

Defendants assert that Innocent's lone claim must be dismissed because he does not allege he has filed, nor has he ever filed, an administrative charge with the Massachusetts Commission Against Discrimination ("MCAD"), or the Equal Employment Opportunity Commission ("EEOC"). "Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e–2(a), and its antiretaliation [sic] provision forbids 'discriminat[ion] against' an employee or job applicant who, *inter alia,* has 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation, § 2000e–3(a)." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 53, 126 S. Ct. 2405, 2406 (2006).[3] Title VII requires that an employee alleging a claim for discrimination (including a retaliation claim) file a charge with the EEOC within one hundred and eighty (180) days after the alleged unlawful employment practice occurred, or within three hundred (300) days if the aggrieved employee first filed charges with a State or local agency with authority to grant or seek relief from such practice. 42 U.S.C. § 2000e–5(e). In this case, Innocent, who left his employment with HarborOne on November 21, 2014[4], had to file his

---

[3] Plaintiff's Title VII retaliation claim suffers from a more fundamental problem. Nowhere in his Complaint does Innocent assert that he was discriminated against due to his gender, race, religion or national origin.

[4] It is not clear from the Complaint when Innocent's employment with HarborOne ended, nor the circumstances under which it ended: Innocent asserts only that due to Defendants' actions, he has been unable to

4

discrimination charge with the EEOC by May 20, 2015 (or by September 17, 2015 if he first filed a discrimination charge with the MCAD). Innocent does not assert in his Complaint that he filed a charge with the EEOC or MCAD. Moreover, in his opposition, Innocent does not state that he filed an administrative complaint, rather he essentially argues that he can pursue his Title VII retaliation claim without having done so. He is incorrect. Simply put, his failure to exhaust his administrative remedies bars his Title VII claim and his Complaint must be dismissed. *See Jorge v. Rumsfeld,* 404 F.3d 556, 564 (1st Cir.2005).

<u>Whether the Complaint should be Dismissed because Innocent Released Defendants From All Claims</u>

Defendants argue that Innocent's Complaint must be dismissed because he is barred from bringing claims relating to his employment, including those brought under Title VII, against HarborOne and its officers and employees by the General Release he signed as part of the Separation Agreement "executed between the parties." Since I have found that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies, I decline to address this argument.[5]

---

find employment since November 2014. In their memorandum in support of their motion to dismiss, Defendants state that Innocent's employment ended on November 21, 2014. Since Plaintiff does not dispute this date in his opposition, I will assume that his employment ended, *i.e.*, he suffered an adverse employment action, on November 21, 2014. Since the other retaliatory actions he complains of occurred during the course of his employment, November 21, 2014 would be the last day on which Defendants could have engaged in any unlawful employment practices.

[5] The Defendants have attached a copy of the Separation Agreement to their memorandum, and their statement of facts includes a summary of its terms and the circumstances surrounding its execution. Parties are generally barred from raising issues of fact or including extrinsic material with a Rule 12(b)(6) motion to dismiss. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see* Fed.R.Civ.P. 12(d)(if on motion under Rule 12(b)(6) matters outside pleadings are presented to and not excluded by court, motion must be treated as one for summary judgment under Rule 56). However, courts may consider those documents the authenticity of which are not in dispute, such as public records, or documents substantially incorporated into a complaint by reference. *Id.* at 3-4 (internal citations omitted). Plaintiff's Complaint includes a few references to a "mutual agreement". It is likely that the "mutual agreement" he refers to and the Separation Agreement are one and the same. There is then the related issue of

**<u>Conclusion</u>**

Defendants HarborOne Bank, James Blake, Leo Donahue, Patricia Williams And Carrie O'Halloran's Motion To Dismiss (Docket No. 13) is ***granted***.

                                                  */s/ **Timothy S. Hillman***
                                                  TIMOTHY S. HILLMAN
                                                  DISTRICT JUDGE

---

whether the Separation Agreement is "substantially incorporated into the complaint" such that I should consider it in deciding the motion to dismiss. Given my ruling, I need not resolve these issues.